# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANA K. VAUGHT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHAUDHRY'S INVESTMENT GROUP, INC. ) <br> d/b/a HAMPTON INN OF OLATHE, ) <br> KANSAS, et al. ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION <br><br> No. 09-2585-KHV |

## MEMORANDUM AND ORDER

Plaintiff Diana Vaught brings suit against Chaudhry's Investment Group, Inc. d/b/a Hampton Inn of Olathe and Hilton Worldwide and alleges violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 (Count I), retaliation pursuant to the FMLA (Count II), discrimination on the basis of disability in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq. (Count III), retaliation under the ADA (Count IV) and violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. (Count V). The matter is before the Court on Hilton Worldwide's Motion To Dismiss And Suggestions In Support Thereof (Doc. #8) filed January 4, 2010. For the reasons stated herein, the Court sustains the motion.

## Legal Standards

In ruling on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible and not merely conceivable on its face. Id.; Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden to frame her complaint with enough factual matter to suggest that she is entitled to relief; it is not enough for her to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when she pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully, it is not enough to plead facts that are "merely consistent" with liability. Id. (citing Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 129 S. Ct. at 1949. Similarly, where the well pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, plaintiff has alleged but not "shown" that she is entitled to relief. Id. at 1950.

**Factual Background**

Chaudhry's is a Kansas corporation which operates several hotels as franchises, including the Hampton Inn of Olathe, Kansas. Hampton Inn is a brand of Hilton Worldwide. On June 19, 2006, Vaught began her employment at that Hampton Inn. On April 30, 2008, Hampton terminated Vaught's employment. On May 22, 2008, Vaught filed a discrimination charge with the Equal Employment Opportunity Commission. On November 10, 2009, Vaught filed this action. On January 4, 2010, Hilton filed a motion to dismiss it as a party. For the reasons stated herein, the

Court sustains defendant's motion.

## Analysis

Hilton argues (1) that it is not vicariously liable for the acts of its franchisee and (2) that Vaught failed to exhaust her administrative remedies. Vaught responds that factual questions remain as to Hilton's level of control of Chaudhry's day-to-day operations and that the Court should either convert Hilton's motion to dismiss to a motion for summary judgment or deny the motion to dismiss because discovery is needed to clarify this issue of fact. Vaught also argues that she did exhaust.[1] In the alternative, Vaught requests leave pursuant to Fed. R. Civ. P., 15(a)(2) to amend her pleadings to add additional allegations to establish vicarious liability.[2]

A franchisor may be vicariously liable for the acts of its franchisees if the former controls the particular instrumentality that caused harm to the plaintiff – in other words, if the relationship between them is that of principal and agent. Thompson v. Jiffy Lube Int'l, Inc., No. 05-1203-WEB, 2006 U.S. Dist. LEXIS 39113, at *39 (D. Kan. June 13, 2006). A franchise agreement, without more, does not make the franchisee an agent of the franchisor. Id. The standardized provisions commonly included in franchise agreements specifying uniform quality, marketing, and operational requirements and a right of inspection do not establish a franchisor's control or right to control the

---

[1] Because exhaustion is not determinative, the Court does not address that issue.

[2] Vaught's request for leave to file an amended complaint is denied. Under D. Kan. Rule 15.1, "a motion for leave to file a . . . document that may not be filed as a matter of right shall set forth a concise statement of the . . . leave sought to be allowed with the proposed [document] attached." Here, Vaught seeks leave to file an amended complaint. Vaught did not file a motion which requested leave to file an amended complaint and did not attach the proposed amended complaint to its response to defendant's motion to dismiss. Because Vaught has not complied with the local rule, the Court is unable to determine the appropriateness of the proposed amended complaint and the motion for leave, embedded in Vaught's reply, is therefore overruled.

-3-

daily operations of the franchisee sufficient to give rise to vicarious liability for all purposes or as a general matter. Id. at *41. In deciding whether the franchisor's actions give rise to a legal duty, courts typically draw distinctions between recommendations and requirements. Id.

The complaint alleges that Hampton Inn is a brand of Hilton and that Hilton has the right to control its operations and those of its franchisee, Chaudhry's. The complaint alleges that each defendant is a "covered employee" under the FMLA, specifically under the "integrated employer" test.[3] These allegations, however, do not permit the Court to infer more than the mere possibility of liability. See Iqbal, 129 S. Ct. at 1950. Specifically, plaintiff has not alleged specific facts which suggest how Hilton exercised control or the right to control the daily operations of Chaudhry's. Vaught's conclusory allegations are the type of conclusory statements which cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Court therefore dismisses Vaught's claims against Hilton.

**IT IS THEREFORE ORDERED** that Hilton Worldwide's Motion To Dismiss And Suggestions In Support Thereof (Doc. #8) filed January 4, 2010 be and hereby is **SUSTAINED**.

Dated this 7th day of May, 2010 at Kansas City, Kansas.

---

[3] The Court assumes that Vaught is referring to the integrated enterprise test. The National Labor Relations Board ("NLRB") adopted the integrated enterprise test as a self-imposed jurisdictional restriction on the definition of "employer" under Title VII. See NLRB v. Welcome-American Fertilizer Co., 443 F.2d 19, 20 (9th Cir. 1971); Spicer v. Arbor Nall Nursery, Inc., No. 93-2537-EEO, 1995 WL 42660, *3 (D. Kan. Jan. 18, 1995). The Tenth Circuit has applied the integrated enterprise test when defining "employer" in Title VII cases. See Evans v. McDonald's Corp., 936 F.2d 1087, 1089 (10th Cir. 1991). The law allows businesses to incorporate to limit liability and isolate liabilities among separate entities. Frank v. U.S. West, Inc., 3 F.3d 1357, 1361 (10th Cir. 1993). The integrated enterprise theory, however, makes corporations liable for another corporation's actions when the corporations are closely connected. See Eichenwald v. Krigel's, Inc., 908 F. Supp. 1531, 1559 (D. Kan. 1995).

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge